UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61636-CIV-MARRA/JOHNSON

FIRDOSE IRANI, an
individual,

      Plaintiff,

vs.

K. MARACOTTA, an individual,
and RIVERFRONT ENTERTAINMENT,
a corporation

      Defendants.
_____/

## **ORDER**

      This cause is before the Court upon Defendant K. Maracotta's ("Defendant") Notice of Removal [DE 1], filed November 14, 2007. The Court has carefully reviewed the court record and is otherwise fully advised in the premises.

      Defendant removes this case, claiming this Court possesses federal question jurisdiction over this action because the state court complaint alleges "claims and/or rights arising under, and seeks relief pursuant to, the Constitution of the United States and its Amendments." (Notice of Removal ¶ 3.) Plaintiff's state court complaint states that Defendant is a "police officer who was working off-duty as security personnel" and is employed by Defendant Riverfront Entertainment in Fort Lauderdale. (Compl. ¶¶ 4-5.) Plaintiff alleges that Defendant approached him, grabbed his motorcycle and "pushed it in the direction opposite the kickstand so that Plaintiff who was astride his motorcycle had to push back to prevent it and/or himself from being slammed into the wall on Plaintiff's right side or crushed underneath the 1200 pound motorcycle by Defendant."

(Compl. ¶ 7.) Based on this incident, Plaintiff claims deprivation of his rights under the United States Constitution; specifically, his rights guaranteed to him under the Fourth, Sixth and Fourteenth Amendments. (Compl. ¶ 11.) Plaintiff notes that Defendant was "merely acting as a private citizen and not as a law enforcement officer of the United States, the state of Florida or any other municipality" and that Defendant was not "'on duty' at the time of the incident and that therefore was not acting in his capacity as a law enforcement officer, but was just an ordinary citizen." (Compl. ¶ 15.)

It is axiomatic that federal courts are courts of limited jurisdiction. Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001). A party who removes a case to federal court pursuant to 28 U.S.C. § 1441 must prove that the federal district court possesses "original jurisdiction," which exists when the plaintiff's claims arise under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. § 1331. Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. See Pacheco de Perez v. A T & T Co., 139 F.3d 1368, 1373 (11th Cir.1998). Federal courts have "an ever-present obligation to satisfy themselves of their subject matter jurisdiction" and the decision to address that issue sua sponte "applies equally in removal cases" Liberty Mutual Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995).

Here, the Complaint fails to allege claims under federal constitutional law because constitutional violations do not apply to private citizens or private corporations unless they act under color of state law. Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992); Smartt v. First Union National Bank, 245 F. Supp. 2d 1229, 1233 (M.D. Fla. 2003). Although Plaintiff alleges federal constitutional violations, he does not allege that Defendant was a government actor or

acted under color of state or federal law.   To the contrary, Plaintiff goes to great lengths to make clear that Defendant is not a government actor by stating that Defendant was "off-duty," "acting a private citizen and not a law enforcement officer" and was "just an ordinary citizen."   As such, the Court cannot satisfy itself that federal question jurisdiction exists in this case.  Hence, the case must be remanded back to state court.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that this matter is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida. All pending motions are denied as moot and the clerk shall close the case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of November, 2007.

_____
KENNETH A.  MARRA
United States District Judge

Copies to:

Firdose Irani, pro se
635 NE 4th Street
Hallandale, FL 33009

all counsel of record